UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-718-MOC
3:15-cr-127-MOC-DCK-1

| DANIEL HEGGINS, | ) |   |
|---|---|---|
| Petitioner, | ) |   |
| vs. | ) | **ORDER** |
| T. LYNN, | ) |   |
| Respondent. | ) |   |

**THIS MATTER** is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1).

The *pro se* Petitioner, who is presently incarcerated at the Butner Federal Correctional Institution, filed the instant Petition on December 8, 2020.[1] Petitioner argues, *inter alia*, that his "treaty rights [were] violated – Treaty of Peace and Friendship" under the Zodiac Constitution. (Doc. No. 1 at 5). He also appears to allege that he sustained personal injury because his health concerns have not been adequately addressed in county jail or federal prison. As relief, he seeks immediate release, termination of all charges and "full accountment on all accounts," and for all "agents" to obey their oath of office. (Id.). In an attached "Affidavit of Truth & Criminal Complaint," which is partially illegible, Petitioner cites Moorish principles and appears to contend that his human rights were violated and he was injured on July 20, 2020 when he was detained and "terrorized" by North Carolina detectives and Mecklenburg County Jail medical staff, and that he has "Tax Immunization." (Doc. No. 1 at 6). In a second "Affidavit of Truth & Criminal

---
[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

1

Complaint," Petitioner states that the Federal Bureau of Prisons gave him three COVID-19 tests on a single day, which is contrary to his religious beliefs and human rights, and that his medical needs are not being adequately addressed.

Plaintiff's Petition is not on the required form and states no intelligible claim for relief. Petitioner shall have **thirty (30) days** in which to file a superseding verified Amended § 2241 Petition in accordance with this Order. Although Petitioner is appearing *pro se*, he is required to comply with all applicable rules including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). The Amended § 2241 Petition will supersede and replace the original § 2241 Petition so that any claims not included in the Amended Petition will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2241 Petition will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will probably result in dismissal of this action and closure of this case without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2241 Petition in accordance with this Order. If Petitioner fails to file an Amend § 2241 Petition within the time limit set by the Court, this action will probably be dismissed and the case will be closed.

2. The Clerk is respectfully directed to mail Petitioner a blank § 2241 form.

Signed: January 6, 2021

Max O. Cogburn Jr
United States District Judge